UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 15-CV-23649

LISA BAUR,

      Plaintiff,

v.

CARNIVAL CORPORATION
a Panamanian corporation d/b/a
CARNIVAL CRUISE LINE

      Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, LISA BAUR, individually by and through undersigned counsel, sues Defendant CARNIVAL CORPORATION a Panamanian corporation d/b/a CARNIVAL CRUISE LINE, ("Defendant") and demands trial by jury, stating as follows:

## PARTIES AND JURISDICTION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3. Plaintiff is *sui juris* and is a resident and citizen of the State of Texas.

4. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

5. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT:** This incident occurred on or about August 15, 2015.

8. **LOCATION OF INCIDENT and STATUS OF PLAINTIFF:** The incident occurred when the Plaintiff was a lawfully paying passenger aboard the Defendant's cruise ship vessel, the *Carnival DREAM*.

9. **DESCRIPTION OF THE INCIDENT.**  On the date and time of the incident, the Plaintiff suddenly slipped and violently fell when she entered the buffet area of the *DREAM*. The Defendant knew and/or should have known that the floor of the buffet area was as slippery as ice. There was some type of coating and/or foreign liquid on the floor that caused it to be dangerously slippery. There were no warning signs alerting the Plaintiff to the dangerous condition. As a result of the fall, she suffered severe and debilitating injuries.  The conduct of the ship's crew, constituted a breach of the standard of reasonable care, failed to eliminate the slipping hazard and failed to properly maintain, inspect or warn of such slipping hazards and failed to properly train and supervise its crew such that such an unnecessary incident could have been avoided.

## COUNT I
## NEGLIGENCE

10. Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 9 as if set forth herein.

11. **DUTIES OWED BY THE DEFENDANT**.  The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers. This includes, but is not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous and hazardous conditions that a passengers, including the Plaintiff, will likely encounter.

12. Defendant breached those duties and was negligent by failing to eliminate the hazardous slippery condition and failed to properly maintain, inspect or warn of such slipping hazards and failed to properly train and supervise its crew such that such an incident could have been avoided.

ARONFELD TRIAL LAWYERS
3132 Ponce De León Boulevard, Coral Gables, Florida 33134
T: 305|441-0440 F: 305|441-0198 www.aronfeld.com

13. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's debilitating injury would not have occurred.

14. Defendant either (a) had actual knowledge of the dangerous condition; (b) had constructive knowledge of said condition; and/or (c) would have had knowledge of said condition if it had employed a competent crew.

15. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.  The losses are either permanent or continuing.  Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, Plaintiff demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

CASE NO.: 1:15-CV-23649

## DEMAND FOR JURY TRIAL

Plaintiff, LISA BAUR, demands trial by jury on all issues so triable.

**Dated:** this 26th day of September, 2015.

                                                ARONFELD TRIAL LAWYERS
Spencer Marc Aronfeld, Esq.
Florida Bar Number: 905161
Attorneys for Plaintiff
3132 Ponce de Leon Boulevad
Coral Gables, Florida 33134
E:       Aronfeld@aronfeld.com
P:       (305) 441.0440
F:       (305) 441.0198

By:     *s/Spencer Marc Aronfeld*
Florida Bar No.: 905161